**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID No. 2004002529
)
JAMAINE L. SKINNER, )
)
Defendant. )

## **ORDER**

On this 9th day of April, 2024, upon consideration of Defendant Jamaine L. Skinner's ("Defendant")[1] Motion for Sentence Reduction made pursuant to Superior Court Rule of Criminal Procedure 35(b)[2] and Motion for Emergency Sentence Review[3] (the "Motions"), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On February 27, 2023, Defendant pled guilty to one count of Drug Dealing (Class D Felony).[4] On May 19, 2023, he was sentenced to eight years of Level V supervision in Department of Correction ("DOC") custody, suspended after one year for six months of Level IV supervision (DOC Discretion), followed by eighteen months of Level III supervision.[5]

---

[1] Defendant is listed elsewhere in the record as Jamaine L. Guy. *See* D.I. 21.
[2] Defendant titles the motion "Motion for Modification" and does not specifically cite to Rule 35(b), but he asks the Court to eliminate the Level V and Level IV portions of his sentence.
[3] D.I. 21.
[4] Defendant's plea agreement is dated February 23, 2023. D.I. 15.
[5] D.I. 17.

2. On June 29, 2023, Defendant filed a motion for sentence reduction, in which he asked this Court to reduce his sentence to eight years of Level V supervision, suspended after six months for eighteen months of Level III supervision.[6] On September 27, 2023, the Court denied that motion as meritless.[7]

3. On January 8, 2024, Defendant filed the instant Motion for Sentence Reduction, in which he asks the Court to suspend the remaining Level V and Level IV portions of his sentence to facilitate his attempt to gain physical custody of his sons. In support of this request, Defendant states that he has made plans for a stable support network and participated in rehabilitative programs.

4. On February 28, 2024, Defendant filed the instant Motion for Emergency Sentence Review, in which he requests that the Court hold an emergency hearing on the issue of sentence modification due to undefined, unforeseen "unpredictable emergency matters" and "hardships."[8]

5. Pursuant to Rule 35(b), "[t]he court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." However, "[t]he court will not consider repetitive requests for reduction of sentence."[9] Further, "[a]

---

[6] D.I. 18.
[7] D.I. 19 ("Defendant's arguments in favor of sentence reduction are not supported by this Court's precedent or the record in this case.").
[8] D.I. 21.
[9] Super. Ct. Crim. R. 35(b).

motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court."[10]

6. First, Defendant's Motion for Sentence Modification is procedurally barred as untimely and repetitive pursuant to Rule 35(b). Defendant filed the motion more than ninety days after his sentence was imposed on May 19, 2023.[11] Further, the motion is Defendant's second successive motion for sentence reduction, as Defendant filed his first motion for sentence reduction on June 29, 2023.[12]

7. Second, Defendant's Motion for Emergency Sentence Review does not present grounds for scheduling a hearing to review Defendant's sentence.[13] A motion for sentence reduction or modification is considered without a hearing, unless the Court orders otherwise. In this motion, Defendant states that unforeseen "unpredictable emergency matters related to the custody of Defendant's three tender aged children" and "hardships" require a hearing on sentence modification.[14] He

---

[10] *Id.*

[11] The Court can consider an untimely application for sentence reduction "in extraordinary circumstances or pursuant to 11 Del. C. § 4217." Super. Ct. Crim. R. 35(b). Neither circumstance applies here.

[12] D.I. 18.

[13] In contrast, for instance, the Court has previously held sentence review hearings to fix incorrect language in the sentence order or to modify the sentence order language to facilitate an inmate's transfer to maximum security placement. *See, e.g.*, *State v. Hawkins*, 2010 WL 2355167, at *1 (Del. Super. May 26, 2010); *State v. Boyer-Smith*, 2016 WL 1424876, at *1-2 (Del. Super. Apr. 6, 2016).

[14] D.I. 21.

fails to present any factual detail or legal rationale for scheduling a hearing to review, modify, or reduce his sentence.

8.  Hence, for the foregoing reasons, Defendant's Motions are **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge